# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| VIVEK CHATURVEDI,<br><br>Plaintiff,<br><br>v.<br><br>ORBCOMM, INC., *et al.*,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION<br>FOR LEAVE TO AMEND**<br><br>Case No. 2:20-CV-914 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Vivek Chaturvedi moves for leave to file a third amended complaint. The court denies his motion.

On June 1, 2022, this court granted Defendant Todd Follmer's motion to dismiss all claims against him. *See* Dkt. No. 102. As relevant here, although the court dismissed Mr. Chaturvedi's fraudulent transfer claims, it did so on the ground that Mr. Chaturvedi had failed to plead factual content sufficient to state a plausible claim for relief. Noting that Mr. Chaturvedi's failure to plead such content may have been attributable to the magistrate judge's stay of discovery pending disposition of the motion to dismiss, the court left open the possibility that Mr. Chaturvedi could pursue such discovery while the case remained pending against Defendant inthinc and then seek leave to amend his complaint if he could allege factual content that cured the deficiencies identified by the court.[1]

Just five weeks later, however, Mr. Chaturvedi moved for entry of default against inthinc, the only remaining defendant in this case. *See* Dkt. No. 109. The clerk entered a certificate of

---

[1] While inthinc may have been unresponsive, there is no reason Mr. Chaturvedi could not have sought third-party discovery against other individuals or entities, including Mr. Follmer.

default two weeks later. *See* Dkt. No. 115. The same day he moved for entry of default, Mr. Chaturvedi also filed his motion for leave to amend. *See* Dkt. No. 111.

Although Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend shall be given freely, leave may be denied where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A plaintiff cannot satisfy this standard by offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Nor will the court "accept as true a legal conclusion"—even if its "couched as a factual allegation." *Id.* (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" thus "do not suffice." *Id*. Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (cleaned up).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted). It follows that Mr. Chaturvedi's allegations must cross both "the line between

the conclusory and the factual" and the line "between the factually neutral and the factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007).

In his proposed amended complaint, Mr. Chaturvedi seeks to add four paragraphs in support of his fraudulent transfer claims. *See* Dkt. No. 111 ¶ 145–148. These paragraphs, however, comprise little more than "labels and conclusions," "naked assertions devoid of further factual enhancement," and "formulaic recitation of the elements" of Mr. Chaturvedi's claims. They thus fail to cure the defects that resulted in the court's previous dismissal of these claims.

In new paragraphs 145 and 146, Mr. Chaturvedi alleges that "[p]rior to Follmer receiving five percent of the sales proceeds from inthinc, inthinc was not insolvent," but that Mr. Follmer took five percent of the sales proceeds to "avoid[] the liability to Plaintiff" and by so doing "left inthinc insolvent and unable to satisfy its remaining liability to Plaintiff." Mr. Chaturvedi also alleges "[o]n information and belief" that "inthinc became so insolvent that it could not keep itself in good standing with the secretaries of state in both Utah and California" even though "[i]t costs a mere $800 to remain in good standing in California."

But Mr. Chaturvedi's allegation that the transfer to Mr. Follmer left inthinc insolvent amounts to a "formulaic recitation" of one of the two elements of a fraudulent transfer claim under Utah Code § 25-6-203(1). *See id.* § 25-6-203(1)(b). More generally, Mr. Chaturvedi's allegations that inthinc was or was not insolvent at various times are simply "labels and conclusions"—and legal ones, at that. *See id.* § 25-6-103 (statutory definition of "insolvency" for purposes of fraudulent transfer claims). But even accepting that inthinc was solvent before the sale of its business to Orbcomm and that it is now insolvent, the only facts Mr. Chaturvedi alleges—that Mr. Follmer received *five percent* of the *tens of millions of dollars* that Orbcomm paid inthinc for its business and that inthinc has not maintained its corporate registrations in Utah

3

and California—simply cannot support a reasonable inference that the money paid to Mr. Follmer was the cause of inthinc's insolvency or its supposed inability to renew its corporate registrations. Indeed, despite the opportunity for discovery afforded by the court's previous ruling, Mr. Chaturvedi appears to have made no attempt to determine or allege facts regarding the disposition of the other 95 percent of the purchase price that could have perhaps provided necessary support for the inferences Mr. Chaturvedi asks the court to draw regarding the transfer to Mr. Follmer.

Mr. Chaturvedi's "naked assertions" in paragraph 147 that Mr. Follmer "seized five percent of the sales proceeds, if not more, with an actual intent to hinder, delay or defraud" Mr. Chaturvedi and in paragraph 148 that "inthinc received no reasonable equivalent sum or service in exchange for the transfer" likewise amount to "formulaic recitations" of the elements of a fraudulent transfer claim under Section 25-6-202(1)(a) and the remaining element of a fraudulent transfer claim under Section 25-6-203(1), respectively. *See id.* § 25-6-203(1)(a).

In short, Mr. Chaturvedi seeks to cure the deficiencies in his fraudulent transfer claims that resulted in their previous dismissal by offering "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. But this will "not suffice." *Id.* Because the third proposed amended complaint remains subject to dismissal, Mr. Chaturvedi's motion for leave to amend is **DENIED** as futile.

**IT IS SO ORDERED**.

DATED this 30th day of March, 2023.

_____
Howard C. Nielson, Jr.
United States District Judge